**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CAROL VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-155 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., District Judge.

Presently pending before the Court is the Plaintiff, Carol Vaughn's ("Plaintiff") Petition for Attorney Fees [ECF No. 13] pursuant to the Equal Access for Justice Act ("EAJA"). The Commissioner has filed a Brief in Opposition and the matter is now ripe for disposition. For the reasons that follow, the Plaintiff's Petition will be denied.

## I.   BACKGROUND

Plaintiff commenced the underlying action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner"), denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* and § 1381 *et seq.* Plaintiff claimed an inability to work due to hand and body numbness. *See Vaughn v. Astrue*, 2011 WL 1628031 at *1 (W.D.Pa. 2011). The ALJ found that Plaintiff suffered from hypothyroidism, a neurological disorder with paresthesia and fibromyalgia, but concluded that she had the residual functional capacity to perform light work with certain limitations. *Id.* at *4. Based upon the ALJ's finding with respect to the Plaintiff's residual functional capacity, the ALJ found that she was able to perform the jobs cited by the vocational expert at the administrative hearing and concluded that she was not disabled. *Id.*

1

The sole issue raised by Plaintiff on appeal was whether the ALJ erred in mechanically applying the age categories set forth in the Commissioner's regulations without considering whether a "borderline age" situation existed. *See* [ECF No. 8] Plaintiff's Brief pp. 6-8. The Commissioner's regulations provide that age categories will not be applied mechanically in borderline situations; rather:

> …If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use that older age category after evaluating the overall impact of all the factors in your case.

20 C.F.R. §§ 404.1563(b), 416.963(b). If a borderline analysis could potentially change the ALJ's determination of disability, a remand is necessary for further consideration. *Kane v. Heckler*, 776 F.2d 1130, 1143 (3rd Cir. 1985). At the time of the administrative hearing in this case, Plaintiff was 140 days from turning 55 years old. The Commissioner argued that Plaintiff did not present a borderline age situation because four and one half months exceeded "a few months" under the regulation and was otherwise inconsistent with Third Circuit case law. *See* [ECF No. 10] Defendant's Brief pp. 8-9.

In our Memorandum Opinion of April 28, 2011, we observed that "district courts within the Third Circuit have recognized that there is no 'brightline rule' for what constitutes a 'borderline situation.'" *Vaughn*, 2011 WL 1628031 at *5. We also noted that "[t]he outer limits of what constitutes a 'borderline age situation' remains unsettled … ." *Id.* at *6. However, after reviewing the case law both within the Third Circuit and elsewhere, we concluded that the Plaintiff's age "was sufficiently close to 55 so as to render a borderline age analysis appropriate." *Id.* As a result, we remanded the case to the Commissioner.

On May 28, 2011, Plaintiff filed her Petition for Attorney's Fees under the EAJA. *See* [ECF No. 13]. Plaintiff seeks attorney's fees for 25 hours of work at a rate of $175.00 per hour for a total amount of $4,375.00. *Id.*

## II.    DISCUSSION

Under the EAJA, the Court "shall award to the prevailing party other than the United States fees and other expenses … incurred by that party in any civil action … including

2

proceedings for judicial review of agency action, … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The Commissioner contends that fees are not warranted because his position was substantially justified.

To be substantially justified under the EAJA, the position taken by the government must have been "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person."  *Cruz v. Comm'r of Soc. Sec.,* 630 F.3d 321, 324 (3rd Cir. 2010) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)).  "The government's position consists of both its prelitigation agency position and its litigation position."  *Williams v. Astrue*, 600 F.3d 299, 302 (3rd Cir. 2009).  It is the government's burden to establish there is substantial justification for its position by demonstrating: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced."  *Id.*, (quoting *Morgan v. Perry*, 142 F.3d 670, 684 (3rd Cir. 1998), *cert. denied*, 525 U.S. 1070 (1999)).  A court cannot assume that the government's position was not substantially justified simply because the government lost on the merits.  *Morgan*, 142 F.l3d at 685.

The Commissioner contends that his position in this case was substantially justified because the cutoff that triggers a borderline age analysis is an unsettled or close question of law.  *See* [ECF No. 14] Defendant's Brief pp. 4-7.  Where a case "turns on an unsettled or 'close question of law,' … the government usually will be able to establish that its legal theory was 'reasonable,' even if it was not ultimately accepted as a legal rule by the courts."  *Washington v. Heckler*, 756 F.2d 959, 961-62 (3rd Cir. 1985); *Grossberg v. Barnhart*, 2005 WL 703736 at *2 (3rd Cir. 2005).  In contrast, "[w]hen the government's legal position clearly offends established precedent, … its position cannot be said to be 'substantially justified.'"  *Washington*, 756 F.2d at 962.

As previously stated, the Commissioner's regulations provide that the ALJ will not mechanically apply the age categories in a borderline situation if a claimant is "within a few days to a few months of reaching an older age category … ."  20 C.F.R. §§ 404.1563(b); 416.963(b).

The regulations provide no further guidance, however, for determining when a borderline situation is present.  In the only precedential opinion addressing the issue, the Third Circuit in *Kane v. Heckler*, 776 F.2d 1130, 1143 (3rd Cir. 1985) held that a period of 48 days before the claimant's birthday represented a borderline situation.  In two non-precedential opinions decided after *Kane* however, the Third Circuit concluded that a period of 106 days before a claimant's birthday represented a borderline situation, *see Lucas v. Barnhart*, 184 Fed. Appx. 204, 205-06 (3rd Cir. 2006), while a period of five to six months did not.  *See Roberts v. Barnhart*, 139 Fed. Appx. 418, 420 (3rd Cir. 2005).  District courts within this circuit have reached different conclusions as to whether the time frame in this case (i.e., 140 days), requires a borderline age analysis.  *Compare, e.g., Ludvico v. Astrue*, 2008 WL 5134938 at *11 (W.D.Pa. 2008) (finding five months borderline); *Davis v. Astrue*, 2009 WL 3241853 at *6 (W.D.Pa. 2009) ("a little over four months" borderline); *with Palmer v. Astrue*, 2010 WL 1254266 at *5 (E.D.Pa. 2010) (finding that 114 days did not present a borderline age situation), *aff'd*, 410 Fed. Appx. 490 (3rd Cir. 2011).

In sum, the Commissioner's legal position was reasonable given the unsettled nature of the law and the fact that it did not offend established precedent.  Therefore, the Petitioner's Petition for Attorney Fees will be denied.

### III.   CONCLUSION

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CAROL VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-155 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

AND NOW, this 2nd day of December, 2011, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Plaintiff's Petition for Attorney's Fees pursuant to the Equal Access to Justice Act [ECF No. 13] is DENIED.

s/ Sean J. McLaughlin
United States District Judge

cm:   All parties of record

5